## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**RAYMEY SCOTT VOSS**                                        **PLAINTIFF**

**v.**                         **No: 4:19-cv-00758 PSH**

**CAMERON WELLS**, *et. al*                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Plaintiff Raymey Scott Voss filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 28, 2019, while incarcerated at the Lonoke County Detention Facility ("LCDC"). Doc. No. 2. Voss complained of verbal threats and excessive force. Voss was instructed to, and did, file an amended complaint. Doc. Nos. 3-4. In his amended complaint, Voss alleged that defendants Cameron Wells and Raymond Browning exercised excessive force against him on July 7, 2019, when they grabbed him and threw him to the floor. Doc. No. 4 at 7. Voss further alleged that Browning choked him and Wells punched him in the face until "he busted [Voss'] eye open" causing Voss to bleed on the floor. *Id.* Voss alleged that Wells and Browning denied him medical attention after this incident. *Id.* Service was then ordered and obtained on both defendants. Doc. Nos. 11-13, 15, 19.

Before the Court is a motion for summary judgment, a brief in support, and a statement of facts filed by the defendants claiming that Voss did not exhaust his administrative remedies before he filed this lawsuit.  Doc. Nos. 23-25.  Despite the Court's order notifying Voss of his opportunity to file a response and statement of disputed facts, Voss did not do so.  Doc. No. 26.  Because Voss failed to controvert the facts set forth in the defendants' statement of undisputed facts, Doc. No. 25, those facts are deemed admitted.  *See* Local Rule 56.1(c).  The defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that defendants are entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine

issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the

question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id.*

Defendants argue that they are entitled to summary judgment because Voss failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 23. In support of their motion for summary judgment, defendants submitted an affidavit by Jail Administrator Kevin Smith (Doc. No. 25-1); requests and grievances (Doc. No. 25-2); and a copy of the LCDC's policies and procedures (Doc. No. 25-4).

The LCDC has a grievance procedure in place for inmates to complain about alleged constitutional violations, including, but not limited to, those concerning the conditions of confinement. Doc. No. 25-4 at 9-10. That policy allows inmates to submit a grievance using any paper or, upon request, a special grievance form. *Id.* at 9. The grievance is to be delivered to any staff member for prompt delivery to the jail administrator or his designee. *Id.* The policy further requires grievances to be reviewed immediately upon receipt to determine urgency. *Id.* Absent an emergency, grievances are to be investigated and resolved within a reasonable time. *Id.* The inmate is to be informed of the disposition of a non-emergency grievance within ten working days. *Id.* An inmate may appeal any response to the sheriff, who is required

to respond in writing.  *Id.*  Finally, all grievances and responses are required to be placed in the inmate's jail file.  *Id.*

The defendants submitted a record of the grievances and requests Voss filed while he was incarcerated at the LCDC.  *See* Doc. No. 25-2.  Voss was incarcerated at the LCDC for more than a year prior to filing this lawsuit.  *Id.* at 2.  He filed numerous requests and grievances at the LCDC, ranging from complaints about dental issues and harassment by other inmates to requests for various candies, gas relief pills, and a new tv for the pod.  *Id.*  Voss did not, however, submit a grievance regarding his treatment by the defendants on July 7, 2019.  *Id.* at 101-160 (grievances filed on or after July 7, 2019 through October 28, 2019).  Voss has not filed a response refuting the facts or records relied on by the defendants in support of their motion.  The Court therefore finds that Voss did not exhaust available administrative remedies before he filed this lawsuit, and the defendants are entitled to summary judgment.

### IV.  Conclusion

Voss did not exhaust available administrative remedies before initiating this lawsuit.  Accordingly, the defendants are entitled to summary judgment, and Voss' claims are hereby dismissed without prejudice.

DATED this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE